## No. 10,500.

BOETTCHER, ET AL. *v.* THE PUBLIC UTILITIES COMMISSION,
ET AL.

Decided February 5, 1923.   Rehearing denied March 5, 1923.

Petition to the Utilities Commission to compel a common carrier to furnish or pay for equipment.   Petition granted.

### *Order Affirmed.*

1. UTILITIES COMMISSION—*Fact Findings.*  Fact findings by the public utilities commission will not be disturbed on review.

2. COMMON CARRIERS—*Financial Loss—Duties.*  The fact that a common carrier operates at a loss does not relieve it from performing duties incident to transportation.

3. UTILITIES COMMISSION—*Powers.*  The public utilities commission has power to compel a carrier to furnish or pay for necessary transportation equipment.

*Writ of Review to the Public Utilities Commission.*

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. ELMER L. BROCK, for petitioners.

Messrs. DINES, DINES & HOLME, Messrs. YEAMAN, GOVE & HUFFMAN, Mr. ROBERT E. MORE, Mr. KENAZ HUFFMAN, for respondents.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon a writ of review to the Public Utilities Commission to test the validity of an order of that commission compelling the receivers of The Denver & Salt Lake Railroad Company to make, or reinstate, an allowance of fifty cents per car to shippers who furnish car door boards for box or stock cars loaded with coal.

This is not a rate case, nor one to be treated as such. It is simply a case compelling a common carrier to furnish suitable equipment. What is such suitable equipment is a question of fact. The commission passed upon the facts, and the evidence supports the reasonableness of the order.

The only reason apparently advanced against the conclusion that the order is reasonable is that the railroad transports coal at a loss. This argument might be effective in a rate case, but the fact that a common carrier operates at a loss does not relieve it from performing the duties incident to transportation. The duties follow the status of common carrier, not its financial condition. The duties are not obviated by the fact that they necessitate expense.

No contention seems to be made that car door boards are not necessary for box or stock cars carrying coal. If such boards are reasonably necessary, and that fact is not seriously disputed, if at all, then they are necessary equipment, and the commission has power to compel the carrier to furnish it or pay for it if furnished by the shipper. 10 C. J. 77.

The order is affirmed.

MR. JUSTICE DENISON not participating.